FILED
UNITED STATES ___ ___ COURT
DIS___

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

00 DEC 12 PM 3:17

| | | |
|---|---|---|
| JARRITOS, INC. | § | |
| Plaintiff, | § | |
| | § | Cause No. CIV 00-1740 |
| v. | § | (Jury Trial Demanded) |
| | § | |
| RODOLPHO LARA, | § | Karen B. Molzen |
| D/B/A JARRITOS RESTAURANT, | § | Judge: _____ |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff Jarritos, Inc. ("Jarritos") files this Original Complaint seeking a judgment and injunctive relief against Rodolpho Lara, d/b/a Jarritos Restaurant ("Jarritos2") for trademark infringement, unfair competition, dilution and false advertising in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq., and for unfair competition, palming off, false advertising, and dilution under the common laws of the State of New Mexico.

### PARTIES

1.    Jarritos is a Texas corporation having its principal place of business at 1477 Lomaland, Building E-7, El Paso, Texas 79935.

2.    Defendant, Rodolpho Lara, is a citizen of the state of New Mexico residing at P.O. Box 914, Mesilla Park, New Mexico, 88047.

3.    Defendant, Rodolpho Lara, may be served at his place of business, Jarritos Restaurant, 1605 South Solano, Las Cruces, New Mexico 88001.

4.    Jarritos2 is doing business in the District of New Mexico and in particular in Las Cruces, New Mexico.

039998.0003 NEW MEXICO 119540 v1

## JURISDICTION AND VENUE

5.    Jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367, and 15 U.S.C. §§ 1116 and 1121.

6.    The suit is based on a Federal question and statute, namely 15 U.S.C. § 1051 et seq.

7.    The amount in controversy exceeds the sum or value of $75,000.00.

8.    Venue is proper in the District of New Mexico pursuant to 28 U.S.C. §§ 1391(b).

9.    Furthermore, a substantial portion of the events giving rise to the causes of action described herein occurred in Las Cruces, NM in the District of New Mexico, and the acts complained of are occurring in Las Cruces, NM in the District of New Mexico.

## BACKGROUND

10.    Since as least as early as 1982, Jarritos has continuously marketed soft drink beverages under the brand name JARRITOS and using Jarritos' Logo in the State of New Mexico and in many other states in the United States.

11.    For many years, Jarritos has marketed it soft drinks with its JARRITOS brand trademark and Logo affixed to it goods in the State of New Mexico and in many other states in the United States.

12.    Jarritos has acquired common law trademark rights in its JARRITOS brand trademark and Logo.

13.    Jarritos registered its JARRITOS trademark with the fanciful three-jug design with the United States Patent and Trademark Office on March 2, 1982.  Jarritos was issued U.S. Trademark Registration No. 1,191,311 in International Class 32 for soft drinks.

039998.0003 NEW MEXICO 119540 v1

14.    The registered JARRITOS AND DESIGN trademark remains in full force and effect and is valid through March 2, 2002.

15.    The registered JARRITOS AND DESIGN trademark has become incontestable.

16.    The JARRITOS brand soft drinks are targeted at consumers desiring high quality, alternative soft drinks with an international flavor and appeal.

17.    The JARRITOS brand soft drinks are packaged in distinctive clear plastic two-liter containers.

18.    The JARRITOS package further includes a label featuring the registered JARRITOS mark with the fanciful three-jug design.

19.    JARRITOS brand soft drinks marketed by Jarritos have acquired a reputation of being the best beverages in their class available on the market.

20.    The JARRITOS trademark and Jarritos' Logo are famous marks that indicate a product of the highest quality.

21.    JARRITOS brand soft drinks marketed by Jarritos are considered a premium product in the marketplace.

22.    Long after Jarritos began using and registered its JARRITOS brand trademark and Logo, Jarritos2 started operating a restaurant providing restaurant services and selling goods under the name JARRITOS in Las Cruces, New Mexico.

23.    Jarritos2 uses Jarritos's trademark and logo in advertising its services and goods, including soft drinks, to the public.

24.    Jarritos2's restaurant services and goods have been offered in a manner to directly associate its services with the JARRITOS beverages.

3

25.    Jarritos2 advertises its services and goods using virtually the identical mark and logo used by and trademark registered to Jarritos.

26.    Jarritos2's has prominently displayed Plaintiff's JARRITOS brand soft drinks in its restaurant to induce its customers to think there is an association with Jarritos.

27.    Jarritos2's uses a colorable imitation of the registered JARRITOS name and fanciful three-jug design.

28.    Jarritos2 has engaged in false advertising, trade dress infringement, unfair competition, trademark infringement, dilution and misuse.

29.    Jarritos2 has wrongfully used the Plaintiff's registered JARRITOS AND DESIGN trademark and has disparaged it and presented it in a false light.

30.    Jarritos2 has represented to the public that its services and goods were related as to source, origin or sponsorship with Jarritos' genuine JARRITOS brand soft drinks.

31.    Plaintiff's JARRITOS AND DESIGN mark is inherently distinctive and has acquired distinctiveness.

32.    Plaintiff's JARRITOS AND DESIGN mark is a strong mark, both in Plaintiff's area of use in New Mexico and in many other states along the Mexico border and in places where there is a significant Hispanic population like California, Florida, New Mexico and Illinois.

33.    Jarritos2's use of Plaintiff's JARRITOS AND DESIGN mark, and the use of that mark by Jarritos2 will reduce the capacity of JARRITOS to serve as a unique identifier of Plaintiff's goods.

4

## COUNT ONE:
## FEDERAL TRADEMARK INFRINGEMENT

34.     The foregoing paragraphs are incorporated herein by reference.

35.     Jarritos2 has knowingly used in commerce a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered JARRITOS AND DESIGN trademark and logo without the consent of Plaintiff.

36.     Jarritos2's use in commerce of Jarritos' marks and logo has been in connection with the sale, offering for sale, distribution, or advertising of Jarritos2's restaurant services and goods.

37.     Jarritos2's use in commerce of Jarritos' marks and logo is likely to cause confusion of consumers, or to cause mistake, or to deceive consumers desiring to purchase genuine JARRITOS brand beverages regarding the source and quality of the soft drinks or association with Jarritos2.

38.     Jarritos2's use in commerce of Jarritos' marks and logo is a violation of the Lanham Act.

39.     Jarritos2's use in commerce of Jarritos' marks and logo has caused loss of goodwill and profits to Plaintiff, has damaged the reputation of genuine JARRITOS brand soft drinks, and has injured the public by causing confusion, mistake, and deception.

40.     Jarritos2 has used Jarritos' marks and logo in commerce with the knowledge and intent that such use cause confusion, mistake, and deception to the purchasing public.

41.     Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Jarritos2's continuing use in commerce of Jarritos' marks and logo.

039998.0003 NEW MEXICO 119540 v1

42.    Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to damages for Jarritos2's use in commerce of Jarritos' marks and logo, an accounting of profits made by Jarritos2, and recovery of Plaintiff's costs of this action.

43.    The intentional use of Jarritos' marks and logo by Jarritos2 make this an exceptional case entitling Plaintiff to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

44.    Plaintiff is also entitled to prejudgment interest on its recovery.

## COUNT TWO:  COMMON LAW TRADEMARK INFRINGEMENT

45.    The foregoing paragraphs are incorporated herein by reference.

46.    Jarritos2's acts constitute trademark infringement under the common law of the State of New Mexico.

47.    Jarritos2's acts of trademark infringement entitle Plaintiff to recover its damages and costs of this action, together with an accounting of profits made by Jarritos2 on sales of its services goods in connection with which Jarritos2 uses Jarritos' marks and logo.

48.    The acts of Jarritos2 have been malicious and calculated to injure Plaintiff.  The willful, wanton and malicious nature of Jarritos2's conduct entitles Plaintiff to an award of its reasonable attorney's fees and punitive damages against Jarritos2.

49.    Jarritos2's infringement of Jarritos' marks and logo is irreparably injuring Plaintiff's goodwill, and unless enjoined by this Court, will continue to do so.

50.    Further, Plaintiff may not have an adequate legal remedy in the event money damages cannot properly be calculated.

039998.0003 NEW MEXICO 119540 v1

51.    Under the common law of the State of New Mexico, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Jarritos2's continuing trademark infringement.

## COUNT THREE:  FEDERAL UNFAIR COMPETITION

52.    The foregoing paragraphs are incorporated herein by reference.

53.    The actions of Jarritos2 constitute unfair competition with Jarritos in violation of the federal Lanham Act, 15 U.S.C. § 1125(a).

54.    Pursuant to 15 U.S.C. §1117(a), Jarritos is entitled to damages for Jarritos2's unfair competition, an accounting of profits made by Jarritos2 on sales of Jarritos' soft drinks, and recovery of Jarritos's costs of this action.

55.    Jarritos2's unfair competition with Jarritos has been willful and wanton for the purpose of deceiving consumers and injuring the goodwill of Jarritos.

56.    Jarritos2's acts of unfair competition make this an exceptional case entitling Jarritos to an award of three times its actual damages pursuant to 15 U.S.C. § 1117(a) and (b) and recovery of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

57.    Jarritos2's acts of unfair competition are irreparably injuring Jarritos's goodwill and eroding Jarritos's share of the soft drink market, and unless enjoined by this Court, will continue to do so.

58.    Pursuant to 15 U.S.C. § 1116(a), Jarritos is entitled to preliminary and permanent injunctive relief to prevent Jarritos2's continuing acts of unfair competition.

## COUNT FOUR:  COMMON LAW UNFAIR COMPETITION

59.    The foregoing paragraphs are incorporated herein by reference.

60.    Jarritos2's acts constitute unfair competition under the common law of the State of New Mexico.

61.    Jarritos2's acts of unfair competition entitle Jarritos to recover its damages and costs of this action, together with an accounting of profits made by Jarritos2 on sales of Jarritos' soft drinks.

62.    Jarritos2's acts of unfair competition have been malicious and calculated to injure Jarritos.

63.    The willful, wanton and malicious nature of Jarritos2's conduct entitles Jarritos to an award of its reasonable attorney's fees and punitive damages against Jarritos2.

64.    Jarritos2's acts of unfair competition are irreparably injuring Jarritos's goodwill and eroding Jarritos's share of the beverage market, and unless enjoined by this Court, will continue to do so. Further, Jarritos may not have an adequate legal remedy in the event money damages cannot properly be calculated.

65.    Under the common law of the State of New Mexico, Jarritos is entitled to preliminary and permanent injunctive relief to prevent Jarritos2's continuing acts of unfair competition.

## COUNT FIVE:  COMMON LAW PALMING OFF

66.    The foregoing paragraphs are incorporated herein by reference.

67.    Jarritos2 has palmed off Jarritos2's services and goods as originating or sponsored by Jarritos, in violation of the common laws of the State of New Mexico.

8

68.    Jarritos2's acts of palming off entitle Jarritos to recover its damages and costs of this action, together with an accounting of profits made by Jarritos2 on sales of Jarritos' soft drinks.

69.    Jarritos2's palming off of Jarritos2's services and goods as originating or sponsored by Jarritos has been malicious and calculated to injure Jarritos.

70.    The willful, wanton and malicious nature of Jarritos2's conduct entitles Jarritos to an award of its reasonable attorney's fees and punitive damages against Jarritos2.

71.    Jarritos2's palming off of Jarritos2's services and goods as originating or sponsored by Jarritos is irreparably injuring Jarritos's goodwill and eroding Jarritos's share of the soft drink market, and unless enjoined by this Court, will continue to do so.

72.    Further, Jarritos may not have an adequate legal remedy in the event money damages cannot properly be calculated.

73.    Under the common law of the State of New Mexico, Jarritos is entitled to preliminary and permanent injunctive relief to prevent Jarritos2 from continuing to palm off Jarritos' soft drinks.

## COUNT SIX:  FEDERAL FALSE DESIGNATION OF ORIGIN OR SOURCE

74.    The foregoing paragraphs are incorporated herein by reference.

75.    Jarritos' marks and logo are distinctive, and indicate to consumers that JARRITOS brand beverages originates from a single source.

76.    Jarritos's JARRITOS products symbolize substantial goodwill of Jarritos resulting in significant sales of its high-quality JARRITOS beverages.

77.    Jarritos2's use of Jarritos's marks and logo is likely to cause confusion, or to cause mistake, or to deceive as to the origin or source of Jarritos2's services and goods.

9

78.    Jarritos2's use in commerce of Jarritos' marks and logo is likely to cause consumers to believe that Jarritos's and Jarritos2's services and goods come from the same origin or source, or that Jarritos sponsors or approves the services and goods of Jarritos2, or that Jarritos and Jarritos2 are somehow affiliated, connected or associated with one another when in fact they are not.

79.    Jarritos2's uses in commerce of Jarritos' marks and logo is injuring the goodwill of Jarritos.

80.    The actions of Jarritos2 constitute a violation of the federal Lanham Act, 15 U.S.C. §1125.

81.    Pursuant to 15 U.S.C. §1117, Jarritos is entitled to damages for Jarritos2's violations, an accounting of profits made by Jarritos2 on sales of its services and goods, and recovery of Jarritos's costs of this action.

82.    Jarritos2 has willfully and wantonly infringed Jarritos' marks and logo, and its actions have been calculated to confuse, mislead or deceive consumers, and to injure the goodwill of Jarritos.

83.    The acts of Jarritos2 make this an exceptional case entitling Jarritos to an award of three times its actual damages pursuant to 15 U.S.C. § 1117(a) and (b) and recovery of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

84.    Jarritos2's infringement of Jarritos' marks and logo is irreparably injuring Jarritos's goodwill and eroding Jarritos's share of the beverage market, and unless enjoined by this Court, will continue to do so.

85.    Pursuant to 15 U.S.C. § 1116, Jarritos is entitled to preliminary and permanent injunctive relief to prevent Jarritos2's continuing trademark infringement.

039998.0003 NEW MEXICO 119540 v1

## COUNT SEVEN:  FEDERAL TRADEMARK DILUTION

86.    The foregoing paragraphs are incorporated herein by reference.

87.    Jarritos's marks and logo are famous marks within the meaning of 15 U.S.C. § 1125(c)(1).

88.    Jarritos2's use of Jarritos's marks and logo is likely to dilute the distinctive quality of Jarritos's marks and logo.

89.    The actions of Jarritos2 constitute trademark dilution in violation of the federal Lanham Act, 15 U.S.C. § 1125(c).

90.    Said trademark dilution is irreparably injuring the goodwill of Jarritos.

91.    Jarritos2's dilution of Jarritos's marks and logo has been willful with the intent to trade on Jarritos's reputation or to cause dilution of Jarritos's marks and logo.

92.    Pursuant to 15 U.S.C. §§ 1125(c)(2) and 1117(a), Jarritos is entitled to damages for Jarritos2's trademark dilution, an accounting of profits made by Jarritos2 on sales of its goods, and recovery of Jarritos's costs of this action.

93.    The acts of Jarritos2 make this an exceptional case entitling Jarritos to recover its reasonable attorney fees pursuant to 15 U.S.C. §§ 1125(c)(2) and 1117(a).

94.    Jarritos2's dilution of Jarritos's marks and logo is irreparably injuring Jarritos's goodwill, and unless enjoined by this Court, will continue to do so.

95.    Pursuant to 15 U.S.C. § 1125(c)(1), Jarritos is entitled to preliminary and permanent injunctive relief to prevent Jarritos2's continuing dilution of Jarritos's marks and logo.

## COUNT EIGHT: TRADEMARK AND INFRINGEMENT
## DILUTION UNDER NEW MEXICO LAW

96.    The foregoing paragraphs are incorporated herein by reference.

11

97.    Jarritos2's use of Jarritos' marks and logo is likely to dilute the distinctive quality of Jarritos' marks and logo or injure Jarritos's business reputation.

98.    The actions of Jarritos2 constitute trademark dilution in violation of New Mexico.

99.    Said trademark dilution is irreparably injuring the goodwill and business reputation of Jarritos and its high-quality goods, and unless enjoined by this Court, will continue to do so.

100.    Further, Jarritos may not have an adequate legal remedy in the event money damages cannot properly be calculated.

101.    Pursuant to New Mexico law, Jarritos is entitled to preliminary and permanent injunctive relief to prevent Jarritos2's continuing dilution of Jarritos' marks and logo.

## COUNT NINE: CIVIL CONSPIRACY

102.    The foregoing paragraphs are incorporated herein by reference.

103.    Jarritos2 has conspired with others in the wrongful and unfair misappropriation of Jarritos's goodwill and business.

104.    Jarritos2 and others have committed overt acts in furtherance of this conspiracy.

105.    This unlawful conspiracy has caused Jarritos actual, compensatory, and punitive damages.

## JURY DEMAND

106.    Plaintiff hereby demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff prays that:

A.    Pursuant to 15 U.S.C. § 1116 and the common laws of the State of New Mexico, Jarritos2, its officers, agents, employees, servants, attorneys, successors, and assigns, and

12

all others in privity or acting in concert or active participation with them, be preliminarily and permanently enjoined from:

1.  Directly or indirectly manufacturing, distributing, advertising, marketing or selling (a) Jarritos2's restaurant services and goods in any fashion which would state, imply or suggest that such product is itself a Jarritos brand product or is associated with or comes from the same source as the Jarritos brand;

2.  Inducing or enabling others to directly or indirectly manufacture, distribute, advertise, market or sell one or more infringing services and goods under Jarritos' marks and logo;

3.  Making or inducing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of one or more infringing services or goods in such fashion as to suggest that such infringing services or goods is connected with or associated with or sponsored by Plaintiff's genuine JARRITOS brand soft drinks;

B.  Jarritos2 be adjudged to have intentionally infringed and copied Plaintiff's registered mark and to have manufactured, distributed, marketed, advertised and/or sold infringing services and goods and be required to pay Plaintiff:

1.  Its actual damages and any profits of Jarritos2 resulting from said infringement;

2.  Three times the actual damages of Plaintiff resulting from said infringement;

3.  Its reasonable attorney's fees;

4.  Its costs and expenses; and

5.  Pre-judgment interest;

C.  Jarritos2, its officers, agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert or active participation with them, be preliminarily and permanently enjoined from:

1.  Palming off any service or product as a product of Plaintiff;

2.  Inducing others to palm off any service or product as a product of Plaintiff; and

13

3.    Otherwise unfairly competing with Plaintiff.

D.    Jarritos2 be adjudged to have palmed off Jarritos2's services and goods as a service or product of Plaintiff and to have unfairly competed with Plaintiff and be required to pay Plaintiff:

1.    Its actual damages and any profits of Jarritos2 resulting from its palming off of its services and goods and other acts of unfair competition;

2.    Its reasonable attorney's fees;

3.    Its costs and expenses; and

4.    Pre-judgment interest;

E.    Plaintiff be awarded punitive damages for Jarritos2's willful and malicious palming off of Jarritos2's services and goods and other acts of unfair competition;

F.    Plaintiff be granted such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any services and goods manufactured, sold, distributed, marketed or otherwise circulated or promoted by Jarritos2 are authorized by Plaintiff or in any way related to Plaintiff or its genuine JARRITOS brand soft drinks; and

G.    Pursuant to 15 U.S.C. § 1116 and the common laws of the State of New Mexico, Jarritos2, its officers, agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert or active participation with them, be preliminarily and permanently enjoined from:

1.    Directly or indirectly falsely designating the origin of Jarritos2's services and goods;

14

2.      Inducing others to directly or indirectly falsely designate the origin of Jarritos2's services and goods;

3.      Making or inducing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of Jarritos2's services and goods as to the origin or source of J Jarritos2's services and goods so as to cause consumers to believe that Plaintiff's genuine JARRITOS brand soft drinks and Jarritos2's services and goods come from the same origin or source, or that Plaintiff sponsors or approves Jarritos2's services and goods, or that Plaintiff and Jarritos2 are somehow affiliated, connected or associated with one another;

H.      Jarritos2 be adjudged to have falsely designated the origin of, and induced others to have falsely designated the origin of Jarritos2's services and goods and be required to pay Plaintiff:

1.      Its actual damages and any profits of Jarritos2 resulting from said false designation of origin, pursuant to 15 U.S.C. § 1117(a) or alternatively, statutory damages in an amount to be determined by this Court, pursuant to 15 U.S.C. §1117(c);

2.      Three times the actual damages of Plaintiff resulting from said false designation of origin, pursuant to 15 U.S.C. § 1117(a) and (b);

3.      Its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a);

4.      Its costs and expenses; and

5.      Pre-judgment interest;

I.      Jarritos2 be ordered to deliver up for destruction all products, labels, signs, plates, packages, dies, wrappers, receptacles and advertisements in its possession or under its control, bearing any words, terms, names, symbols, devices, or any combination thereof, which: simulate, reproduce, counterfeit, copy or colorably imitate Plaintiff's marks and logo in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such service or product in any way to Plaintiff, or otherwise

039998.0003 NEW MEXICO 119540 v1

misrepresent the source or origin of Jarritos2's services and goods; and all plates, molds, matrices and other means of making the same.

        J.     Plaintiff be awarded punitive damages for Jarritos2's willful and malicious false designation of the origin of Jarritos2's services and goods;

        K.     Plaintiff be granted such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression concerning the source or origin of Jarritos2's services and goods;

        L.     Jarritos2 be ordered to take corrective action to correct any erroneous impression the public may have derived concerning the source or origin of Jarritos2's services and goods, including without limitation the placement of corrective advertising;

        M.     Plaintiff be granted such other relief as the Court may deem appropriate to correct any erroneous impression the public may have derived concerning the source or origin of Jarritos2's services and goods;

        N.     Pursuant to 15 U.S.C. §§ 1116 and 1125(c)(1), and the common laws of the State of New Mexico, Jarritos2, its officers, agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert or active participation with them, be preliminarily and permanently enjoined from:

1.     Directly or indirectly diluting the distinctive quality of Plaintiff's JARRITOS trademark;

2.     Inducing others to directly or indirectly diluting the distinctive quality of Plaintiff's marks and logo;

3.     Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's marks and logo in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of its beverages in such fashion as to dilute the distinctive quality of Plaintiff's marks and logo;

16

4.     Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's marks and logo in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to dilute the distinctive quality of Plaintiff's marks and logo;

5.     Imitating, copying or making unauthorized use of Plaintiff's marks and logo;

6.     Manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's marks and logo; and

O.     Jarritos2 be adjudged to have diluted the distinctive quality of Plaintiff's marks and logo and willfully intended to trade on Plaintiff's reputation or to cause dilution of Plaintiff's marks and logo; and be required to pay Plaintiff:

1.     Its actual damages and any profits of Jarritos2 resulting from said dilution, pursuant to 15 U.S.C. §§ 1125(c)(2) and 1117(a) or alternatively, statutory damages in an amount to be determined by this Court, pursuant to 15 U.S.C. §1117(c);

2.     Three times the actual damages of Plaintiff resulting from said dilution, pursuant to 15 U.S.C. §§ 1125(c)(2) and 1117(a) and (b);

3.     Its reasonable attorney's fees pursuant to 15 U.S.C. §§ 1125(c)(2) and 1117(a);

4.     Its costs and expenses; and

5.     Pre-judgment interest;

P.     Jarritos2 be ordered to deliver up for destruction all products, labels, signs, plates, packages, dies, wrappers, receptacles and advertisements in its possession or under its control, bearing any words, terms, names, symbols, devices, or any combination thereof, which are similar to, or dilute the distinctive quality of Plaintiff's marks and logo and all plates, molds, matrices and other means of making the same.

17

Q.    Plaintiff be awarded punitive damages for Jarritos2's civil conspiracy and dilution of the distinctive quality of Plaintiff's marks and logo, and its willful intent to trade on Plaintiff's reputation or to cause dilution of Plaintiff's marks and logo;

R.    Plaintiff be awarded such other relief as the Court deems just and equitable.

Respectfully submitted,

**Peticolas, Shapleigh, Brandys & Kern, P.L.L.C.**

By: _____

**Roy R. Brandys**
NM State Bar No. 4546
701 N. St. Vrain
El Paso, Texas 79902
(915) 542-1983
Fax: (915) 534-7207

**Charles W. Hanor**
TX State Bar No. 08928800

Attorneys for Plaintiff Jarritos, Inc.

18